# EXHIBIT A

Court of Common Pleas of Philadelphia County Trial Division

# Civil Cover Sheet

For Office of Judicial Records Use Only (Docket Number)

MAY 1 1 2026

SERVED

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Hilda Rivera | Walmart, Inc. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 45 Upper Lehigh Main St., Freeland, PA 18224 | 1 Customer Dr., Bentonville, AR 72712 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | XYZ Corporations 1-10 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | 123 Unknown St., Unknown Town, PA 00000 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NO. OF DEFENDANTS: 2

COMMENCEMENT OF ACTION:
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY:
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS:
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Commerce (Completion of Addendum Required)
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE (SEE INSTRUCTIONS)
2S Premises Liability - Slip & Fall

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

IS CASE SUBJECT TO COORDINATION ORDER?
Yes [ ] No [ ]

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY: Todd H. Zamostien, Esq.

ADDRESS (SEE INSTRUCTIONS): One Commerce Square, 2005 Market Street, Suite 600, Philadelphia, PA 19103

PHONE NUMBER: (445) 201-8600

FAX NUMBER: (445) 201-8700

SUPREME COURT IDENTIFICATION NO.: 203133

E-MAIL ADDRESS: todd.zamostien@forthepeople.com

SIGNATURE: /s/ Todd H. Zamostien, Esq.

DATE: 4/30/26

Case ID: 260500131

**MORGAN & MORGAN, PLLC**
**By: Todd H. Zamostien, Esquire**
todd.zamostien@forthepeople.com
Identification No. 203133
One Commerce Square
2005 Market Street, Suite 600
Philadelphia, PA 19103
(445) 201-8600 (Phone)
(445) 201-8700 (Fax)

**Attorney for Plaintiff**

Filed and Attested by the Office of Judicial Records 01 MAY 2026 11:47 am
BREWINGTON

| | |
|---|---|
| **HILDA RIVERA**<br>45 UPPER LEHIGH MAIN STREET<br>FREELAND, PA 18224<br><br>Plaintiff,<br><br>v.<br><br>**WALMART INC.**<br>1 CUSTOMER DRIVE<br>BENTONVILLE, AR 72712<br><br>And<br><br>**XYZ CORPORATIONS 1-10**<br><br>Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br><br>No.<br><br>JURY TRIAL DEMANDED |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que, si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO**

**PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Philadelphia County Bar Association
LAWYER REFERRAL & INFO.
1101 Market Street
Philadelphia, PA 19107
(215) 238-6300

Asociación de Licenciados de Filadelfia
Servicio de Referencia e Informacion
1101 Market Street
Philadelphia, PA 19107
(215) 238-6300

# CIVIL ACTION COMPLAINT
# PREMISES LIABILITY

**AND NOW**, comes the Plaintiff, Hilda Rivera, by and through her attorneys, Morgan & Morgan, PLLC, filing the following Complaint against Defendant, Walmart Inc., and in support thereof, avers the following:

## PARTIES

1. Plaintiff, Hilda Rivera, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart, Inc., is an entity conducting business in the Commonwealth of Pennsylvania with a principal business address as listed in the caption of this Complaint, and which at all relevant times was the owner, operator, manager, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, ownership, and/or safety of the property located at 761 Airport Road, Hazleton, PA 18202 (hereinafter referred to as the "subject premises").

3. Defendant, XYZ Corporations 1-10 ("XYZ Corporations"), are business and/or commercial entities whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information. Defendant XYZ Corporations are averred to be fictious name of the entities which at all relevant times were the owner, operator, manager, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, management, ownership, operation, and/or safety of the subject premises.

4. At all times material hereto, Defendant, XYZ Corporations, acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees, staff, and/or maintenance workers who were responsible for providing a safe means of travel through the subject premises where Plaintiff, Hilda Rivera, was injured, are better known to Defendant than they are to the Plaintiff.

5. At all relevant times, the subject premises was operating as a Walmart retail store, which store was owned, operated, managed, possessed and/or controlled by Defendant, Walmart, Inc.

6. At all times relevant hereto, Defendants acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, employees, and/or representatives, who acted within the course and scope of their authority and/or instruction, and in the furtherance of and/or benefit to, Defendants.

**JURISDICTION AND VENUE**

7. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

8. This Court has subject matter jurisdiction over this action pursuant to 42 Pa. C.S.A. 931.

9. This Court has personal jurisdiction over this action pursuant to 42 Pa. C.S.A. 5301.

10. Venue is proper in this Court as at all relevant times herein, Defendant, Walmart, Inc., owned, operated, controlled, managed, and/or maintained approximately five (5) Walmart retail stores in Philadelphia County, conducting business within this county on a regular, systematic, continuous, and substantial basis.

11. The amount in controversy is in excess of $50,000.00.

**FACTS**

12. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length

13. On or about July 15, 2025, Plaintiff, Hilda Rivera, was legally on the subject premises as a business invitee when, as a result of the negligence and/or carelessness of the Defendant, individually and/or by and through their agents, servants, and/or employees, Plaintiff was caused

to suddenly, and unexpectedly, slip and fall due to an accumulation and/or pooling of liquid on the interior floor of the subject premises, sustaining the injuries set forth herein.

14. At all times material hereto, Defendant, by and through their agents, servants, employees, and/or representatives, were responsible for maintaining the premises, to specifically include the interior floor of the subject premises, in a safe condition and inspecting, remediating, and/or addressing hazardous conditions present on the property, to include an accumulation and/or pooling of liquid located on the floor of the subject premises.

15. Defendant had a duty to ensure that the subject premises, to include the interior floor of the subject premises, was free of dangerous conditions and to take reasonable steps to address any hazards to ensure the safety of lawful invitees and customers entering the retail store at issue, which store, and the interior floor within, was in use frequently by customers, such as Plaintiff, Hilda Rivera.

16. Plaintiff has reason to believe that Defendant was aware of the dangerous and hazardous defects on the interior floor of the subject premises, which presented a significant risk of injury to individuals lawfully on the property. Defendant should have taken steps to remedy the hazardous condition but failed to do so.

17. Defendant knew or should have known that the dangerous and hazardous defects on the interior floor of the subject premises posed an unreasonable risk of harm lawful invitees and/or customers using the interior floor at issue, and should have expected that such conditions, being an accumulation and/or pooling of liquid on the interior floor of the subject premises, could result in injury.

18. At all relevant times, Defendant had a duty to maintain the subject premises, including the interior floor of the subject premises, in a reasonably safe condition.

19. Defendant failed to exercise reasonable care to ensure the safety of the premises and failed to warn Plaintiff of the dangerous condition on the interior floor of the subject premises, that of the presence of an accumulation and/or pooling of liquid on the interior floor of the subject premises.

20. At all times material hereto, Defendant acted by and through their employees, agents, servants, and/or representatives, acting within the scope of their agency or employment, and on behalf of Defendant(s).

21. At all relevant times, Plaintiff, Hilda Rivera, acted in a safe, prudent, and reasonable manner, and in no way contributed to her injuries or damages.

22. As a result of this incident, Plaintiff, Hilda Rivera, suffered severe and permanent bodily injuries which are set forth at greater length below.

**COUNT I – NEGLIGENCE**
**PLAINTIFF, HILDA RIVERA VS. WALMART, INC.**

23. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

24. Upon information and belief, and at all times relevant hereto, Defendant owned, operated, leased, managed, maintained, and/or controlled the subject premises, to include the interior floor of the subject premises.

25. The negligence and/or carelessness and/or tortious conduct of the Defendant, acting individually and/or by and through Defendant's agents, servants, and/or employee consisted of the following:

a. failing to maintain the interior floor of the subject premises in a reasonably safe condition;
b. failing to warn persons, such as Plaintiff, of the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises;
c. failing to treat, remediate, and/or remove the presence of an accumulation and/or

pooling of liquid located on the floor of the subject premises;

d. failing to provide signage and/or warnings indicating that a dangerous condition existed on the interior floor of the subject premises;
e. failing to provide signage in all appropriate locations of the subject premises to reasonably provide sufficient warning to all invitees and/or customers, such as Plaintiff, of an accumulation and/or pooling of liquid located on the floor of the subject premises and/or in the location of Plaintiff's fall;
f. failing to exercise reasonable care for the safety of the Plaintiff;
g. permitting and allowing persons, such as Plaintiff, to travel in and about the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;
h. failing to undertake sufficient and timely inspections of the premises for dangerous conditions;
i. failing to remedy the known hazardous condition of the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises;
j. creating and/or permitting to exist for an unreasonable amount of time a dangerous and hazardous condition for invitees and/or customers on the interior floor of the subject premises;
k. failing to discover unsafe conditions on the property which posed an unreasonable risk to invitees upon inspection of subject premises;
l. failing to remedy unsafe conditions on the subject premises despite having sufficient time to do so;
m. failing to properly inspect the premises at reasonable intervals to determine the condition thereof;
n. failing to hire and/or supervise competent contractors, employees, and/or staff to ensure that they properly maintained the premises to avoid having an accumulation and/or pooling of liquid located on the floor of the subject premises;
o. failing to dry, mop, clean, and/or otherwise remove the accumulation and/or pooling of liquid located on the floor of the subject premises;
p. disregarding unsafe conditions on the subject premises, including an accumulation and/or pooling of liquid located on the floor of the subject premises, that posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of the same and having sufficient time to remedy the unsafe condition; and
q. In failing to hire properly and/or adequately train and/or supervise their employees, servants, agents, representatives, workmen, volunteers, contractors, subcontractors, and/or other persons involved in and/or responsible for the inspection, maintenance, and management of the subject premises for dangerous, hazardous, and/or unsafe conditions, such as the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises.

26. As a direct and proximate result of Defendant's negligence and/or carelessness, as described above and elsewhere in this Complaint, Plaintiff sustained severe, permanent, and disabling injuries, including, but not limited to: pain and injury to the lower and middle back; pain

and injury to pelvis and hip; pain and injury to the left and right knee, lumbar radiculopathy consistent with radicular symptoms and numbness to right lower extremity; aggravation and exacerbation of any pre-existing medical issues: she has been required to undergo right knee injections and will likely be required to undergo lumbar injections with the potential need for surgery concerning her accident-related injuries, to include right total knee arthroplasty; as well as other ills and injuries, all to Plaintiff's continuing great loss and detriment.

27. As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, presently and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite amount of time.

28. As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has a loss of out-of-pocket medical and/or related expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living and working; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, and diminished ability to engage in activities of daily living and working, with a loss of earnings and/or income, and emotional distress.

29. Defendant failed in their legal duty to ensure that their invitees and/or customers who would foreseeably utilize the interior floor of the subject premises were provided a safe means of travel, and that said interior floor of the subject premises was free of dangerous and hazardous conditions, and, as a result, Plaintiff seeks full legal redress as a result of the negligence of Defendant.

**WHEREFORE**, the Plaintiff seeks damages allowed under the laws of the Commonwealth of Pennsylvania from the Defendants in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court, together with costs,

delay damages, interest, and other damages the court should deem appropriate.

**COUNT II – NEGLIGENCE**

**PLAINTIFF VS. XYZ CORPORATIONS 1-10**

30. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

31. Upon information and belief, and at all times relevant hereto, Defendant owned, operated, leased, managed, maintained, and/or controlled the subject premises, to include the interior floor of the subject premises.

32. The negligence and/or carelessness and/or tortious conduct of the Defendant, acting individually and/or by and through Defendant's agents, servants, and/or employee consisted of the following:

a. failing to maintain the interior floor of the subject premises in a reasonably safe condition;
b. failing to warn persons, such as Plaintiff, of the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises;
c. failing to treat, remediate, and/or remove the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises;
d. failing to provide signage and/or warnings indicating that a dangerous condition existed on the interior floor of the subject premises;
e. failing to provide signage in all appropriate locations of the subject premises to reasonably provide sufficient warning to all invitees and/or customers, such as Plaintiff, of an accumulation and/or pooling of liquid located on the floor of the subject premises and/or in the location of Plaintiff's fall;
f. failing to exercise reasonable care for the safety of the Plaintiff;
g. permitting and allowing persons, such as Plaintiff, to travel in and about the area of Plaintiff's fall when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;
h. failing to undertake sufficient and timely inspections of the premises for dangerous conditions;
i. failing to remedy the known hazardous condition of the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises;
j. creating and/or permitting to exist for an unreasonable amount of time a dangerous and hazardous condition for invitees and/or customers on the interior floor of the subject premises;
k. failing to discover unsafe conditions on the property which posed an unreasonable risk to invitees upon inspection of subject premises;

l. failing to remedy unsafe conditions on the subject premises despite having sufficient time to do so;
m. failing to properly inspect the premises at reasonable intervals to determine the condition thereof;
n. failing to hire and/or supervise competent contractors, employees, and/or staff to ensure that they properly maintained the premises to avoid having an accumulation and/or pooling of liquid located on the floor of the subject premises;
o. failing to dry, mop, clean, and/or otherwise remove the accumulation and/or pooling of liquid located on the floor of the subject premises;
p. disregarding unsafe conditions on the subject premises, including an accumulation and/or pooling of liquid located on the floor of the subject premises, that posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of the same and having sufficient time to remedy the unsafe condition; and
q. In failing to hire properly and/or adequately train and/or supervise their employees, servants, agents, representatives, workmen, volunteers, contractors, subcontractors, and/or other persons involved in and/or responsible for the inspection, maintenance, and management of the subject premises for dangerous, hazardous, and/or unsafe conditions, such as the presence of an accumulation and/or pooling of liquid located on the floor of the subject premises.

33. As a direct and proximate result of Defendant's negligence and/or carelessness, as described above and elsewhere in this Complaint, Plaintiff sustained severe, permanent, and disabling injuries, including, but not limited to: pain and injury to the lower and middle back; pain and injury to pelvis and hip; pain and injury to the left and right knee, lumbar radiculopathy consistent with radicular symptoms and numbness to right lower extremity; aggravation and exacerbation of any pre-existing medical issues; she has been required to undergo right knee injections and will likely be required to undergo lumbar injections with the potential need for surgery concerning her accident-related injuries, to include right total knee arthroplasty; as well as other ills and injuries, all to Plaintiff's continuing great loss and detriment.

34. As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, presently and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite amount of time.

35. As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has

a loss of out-of-pocket medical and/or related expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living and working; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, and diminished ability to engage in activities of daily living and working, with a loss of earnings and/or income, and emotional distress.

36. Defendant failed in their legal duty to ensure that their invitees and/or customers who would foreseeably utilize the interior floor of the subject premises were provided a safe means of travel, and that said interior floor of the subject premises was free of dangerous and hazardous conditions, and, as a result, Plaintiff seeks full legal redress as a result of the negligence of Defendant.

**WHEREFORE**, the Plaintiff seeks damages allowed under the laws of the Commonwealth of Pennsylvania from the Defendants in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court, together with costs, delay damages, interest, and other damages the court should deem appropriate.

**MORGAN & MORGAN, PA.**

Dated: April 30, 2026

/s/ Todd Zamostien
**TODD ZAMOSTIEN, ESQ.**

**VERIFICATION**

I, Hilda Rivera, hereby depose and state that I am the Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

**Dated:** 4/30/2026 | 3:27 PM EDT

**By:** ______________________

**Hilda Rivera**